IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MYRAIDA MELÉNDEZ ROSARIO, et al.,

     Plaintiffs

     v.                              CIVIL NO. 06-1929 (ADC/MEL)

P.R. OB-GYN GROUP, et al.,

     Defendants

## REPORT AND RECOMMENDATION

**I.    PROCEDURAL BACKGROUND.**

On September 19, 2006, plaintiff Myraida Meléndez Rosario ("Meléndez Rosario"), on her own behalf and on behalf of her minor son Carlos J. Ramos Meléndez ("Ramos Meléndez) (collectively, "plaintiffs"), filed the complaint in this case against: (1) P.R. Ob-Gyn Group; (2) Advanced Ob-Gyn, P.S.C.; (3) Hospital General Menonita, Inc.; (4) Centro Radiológico Sonográfico de Cidra; (5) Advance Sonography & X-Ray Corp.; (6) Dr. Floren E. Pérez; (7) Dr. Iván Guzmán; (8) Dr. Ramón Pérez; (9) Dr. Juan F. Cancio; (10) Dr. Tulio L. Ortiz; (11) Dr. Germán López; (12) Dr. John Doe; (13) Dr. Richard Roe; (14) ABC Insurance Co.; and (15) DEF Insurance Company. (Docket No. 1, ¶¶ 1-16.) The complaint seeks damages caused by defendants' alleged negligence and medical malpractice in failing to properly diagnose multiple congenital anomalies in Ramos Meléndez during Meléndez Rosario's pregnancy. Id., ¶¶ 33-48. Federal jurisdiction is premised on the diversity statute. 28 U.S.C. § 1332. Three days later, before serving summons upon defendants, plaintiffs filed an amended complaint. (Docket No. 2.)

On March 26, 2007, plaintiffs requested leave to file a second amended complaint to substitute "Sindicato de Aseguradoras para la Suscripción Conjunta de Responsabilidad Profesional

Meléndez Rosario, et al., v. P.R. Ob-Gyn Group, et al.,
Civil No. 06-1929 (ADC/MEL)
Report and Recommendation

Médico-Hospitalaria" ("SIMED") for the unknown defendant designated in the complaint as ABC
Insurance Co.  (Docket No. 45.)[1]  According to said motion, SIMED had provided plaintiffs with
several documents from which it could be ascertained that said entity is the insurance carrier which
provides defense and coverage to codefendants Drs. Tulio L. Ortiz, Ramón Pérez, Floren E. Pérez,
Germán López and Juan F. Cancio. Id. On April 23, 2007, the court granted plaintiffs leave to file the
second amended complaint.  (Docket No. 51.)  The next day, plaintiffs filed the tendered second
amended complaint.  (Docket No. 52.)

On May 9, 2008, SIMED moved for summary judgment on plaintiffs' claims on the basis that
the same are precluded by the applicable statute of limitations.  (Docket No. 98.)  Plaintiffs opposed the
request for summary judgment on May 23, 2008.  (Docket Nos. 102, 103.)  Pursuant to the order issued
by the court on August 19, 2008 (Docket No. 107), SIMED's motion for summary judgment was
referred to the undersigned for a report and recommendation.

II.   FACTUAL BACKGROUND.[2]

The following material facts are not in genuine dispute:

1.        The facts which give rise to this action occurred on November 10, 2005, the date when
Ramos-Meléndez was born with multiple congenital anomalies.  (Docket No. 103, p. 7, ¶ 1.)

_____

[1] Plaintiffs attached to this motion the proposed second amended complaint and the summons directed to SIMED.
(Docket No. 45, Exhs. 1, 2.)

[2] SIMED filed a statement of uncontested facts in support of the request for summary judgment. (Docket No. 98-1.)
Many, if not all, of SIMED's proposed uncontested facts are unsupported by citations to the record as required by Local Rule
56(b) (e.g. id., ¶ 8) or contradicted, at least in part, by SIMED's own exhibits (e.g. id., ¶¶ 3-7) or by the record (e.g. id.,
¶ 10).  Furthermore, plaintiffs have also filed a proposed statement of additional uncontested facts (see Docket No. 103),
which SIMED has failed to contest under Local Rule 56(d).  Therefore, plaintiffs' statement of uncontested facts is deemed
admitted pursuant to Local Rule 56(e).

2

Meléndez Rosario, et al., v. P.R. Ob-Gyn Group, et al.,
Civil No. 06-1929 (ADC/MEL)
Report and Recommendation

2.     On January 12, 2007, SIMED requested from the Office of the Insurance Commissioner of Puerto Rico an extension of time to investigate, adjust or resolve plaintiffs' claims against co-defendants Drs. Tulio L. Ortiz, Ramón Pérez, Floren E. Pérez, Germán López and Juan F. Cancio.  On that same date, SIMED notified plaintiffs with copies of the documents filed before the Office of the Insurance Commissioner of Puerto Rico, titled "Notice of Petition to Extend Term." (Docket No. 98, ¶ 11; Docket No. 98-2, ¶¶ 3-7; Docket No. 98-4; Docket No. 103, § II, ¶¶ 3-7 and  § III, ¶ 4) (translation ours).

### III.     SUMMARY JUDGMENT STANDARD.

The court's discretion to grant summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure.  Rule 56 states, in pertinent part, that the court may grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); see also Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52. (1st Cir. 2000).

Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).  The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Once a properly supported motion has been presented before the court, the opposing party has the burden of demonstrating that a trial-worthy issue exists that would warrant the court's denial of the motion for summary judgment.  For issues where the opposing party bears the ultimate burden of proof,

Meléndez Rosario, et al., v. P.R. Ob-Gyn Group, et al.,
Civil No. 06-1929 (ADC/MEL)
Report and Recommendation

that party cannot merely rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute.  Suárez v. Pueblo Int'l, Inc., 229 F.3d 49 (1st Cir. 2000).

In order for a factual controversy to prevent summary judgment, the contested facts must be "material" and the dispute must be "genuine".  "Material" means that a contested fact has the potential to change the outcome of the suit under governing law.  The issue is "genuine" when a reasonable jury could return a verdict for the nonmoving party based on the evidence.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  It is well settled that "[t]he mere existence of a scintilla of evidence" is insufficient to defeat a properly supported motion for summary judgment. Id. at 252.  It is therefore necessary that "a party opposing summary judgment must present definite, competent evidence to rebut the motion."  Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994).

In making this assessment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor." Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990).  The court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation."  Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990).  However, there is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood (no matter how reasonable those ideas may be) . . . ."  Greenburg v. Puerto Rico Mar. Shipping Auth., 835 F. 2d 932, 936 (1st Cir. 1987).

Meléndez Rosario, et al., v. P.R. Ob-Gyn Group, et al.,
Civil No. 06-1929 (ADC/MEL)
Report and Recommendation

**IV.   LEGAL ANALYSIS.**

"The Puerto Rico statute of limitation for medical malpractice-tort-actions 'provides for a one-year limitation period that begins to run from 'the time the aggrieved person has knowledge of the injury'.' Plaintiff bears the burden of proving when the 'damage' became known." Rodríguez-Suris v. Montesinos, 123 F.3d 10, 13 (1st Cir.1997), citing Rivera Encarnación v. Estado Libre Asociado De Puerto Rico, 113 D.P.R 383 (1982); see also P.R. Laws Ann. tit 31, § 5298.  A plaintiff is deemed to have "knowledge" of the alleged damage when he "possesses, or with due diligence would possess, information sufficient to permit suit." Villarini-García v. Hospital del Maestro, 8 F.3d 81, 84 (1st Cir. 1993).

Article 1874 of the Puerto Rico Civil Code provides, in its pertinent part, that "interruption of prescription of actions in joint obligations equally benefits or injures all the creditors or debtors." P.R. Laws Ann. tit. 31, § 5304.  Furthermore, under Article 1873 of the Puerto Rico Civil Code, "prescription of actions is interrupted by their institution before the courts, by extrajudicial claim of the creditor, and by any act of acknowledgment of the debt by the debtor." Id., § 5304.

Moreover, pursuant to Federal Rule of Civil Procedure 15 ("Rule 15"), any amendments to the complaint will relate back to the filing of the original complaint, particularly when said amendment gears around the same incident pled in the original complaint or simply changes or identifies the name of a party originally included as unknown in the complaint.  Fed.R.Civ.P. 15(c)(1)(B), (C).

In its request for summary judgment, SIMED alleges that the claims against said entity were brought after the expiration of the one year statute of limitations for tort actions.  According to SIMED, the "alleged medical incident" that triggered the instant action occurred on November 29, 2006.

5

Meléndez Rosario, et al., v. P.R. Ob-Gyn Group, et al.,
Civil No. 06-1929 (ADC/MEL)
Report and Recommendation

(Docket No. 98, ¶ 8.)   SIMED also alleges that on December 1, 2007, it notified plaintiffs copies of the requests for extension of time to investigate plaintiffs' claims against Drs. Tulio L. Ortiz, Ramón Pérez, Floren E. Pérez, Germán López and Juan F. Cancio that SIMED filed before the Office of the Insurance Commissioner of Puerto Rico. Id., ¶¶ 3-7.  SIMED further alleges that the second amended complaint, in which unknown co-defendant ABC Insurance Co. is substituted by SIMED, was filed on April 4, 2008. Id., ¶ 10.  Therefore, according to SIMED, by the time the second amended complaint was filed, more than one year had elapsed since December 1, 2007, the date in which plaintiffs became aware or should have become aware that SIMED was the insurance carrier of Drs. Tulio L. Ortiz, Ramón Pérez, Floren E. Pérez, Germán López and Juan F. Cancio.  Id., ¶ 11.

In this case, it is uncontested that the facts which give rise to this action occurred on November 10, 2005, the date when Ramos-Meléndez was born.  (Docket No. 103, p. 7, ¶ 1.)  The initial complaint was filed on September 19, 2006, and included the following specific claims against unknown co-defendant ABC Insurance Co.:

> 16.     Defendants ABC Insurance Co. and DEF Insurance Co., are the fictitious names of the insurance companies domiciled in the Commonwealth of Puerto Rico, which issued medical malpractice insurance policies on behalf of the herein defendants, which provide defense and coverage for the facts alleged herein.  Once their true names and identities are known, plaintiffs shall move for the corresponding amendment to the complaint.

> 42.     Defendants ABC Insurance Co. and DEF Insurance Co. are directly liable to the plaintiffs for the damages suffered by them as result of the breach by its insureds of the standards of care generally recognized by the medical by the medical profession, under Articles 20.010 and 20.030 of the Insurance Code of Puerto Rico, 26 L.P.R.A. §§ 2001 and 2003 and as set forth in Chapter 38 of the Insurance Code of Puerto Rico, 26 L.P.R.A. §§3801-19.

(Docket No. 1, ¶¶ 16, 42.)  Inasmuch the complaint was filed less than one year after Ramos Meléndez's

6

birth, such filing tolled the statute of limitations with respect to the claims asserted against all defendants named in the complaint.

It is also uncontested that on January 12, 2007, SIMED notified plaintiffs with copies of the documents filed before the Office of the Insurance Commissioner of Puerto Rico requesting an extension of time to investigate plaintiffs' claims against Drs. Tulio L. Ortiz, Ramón Pérez, Floren E. Pérez, Germán López and Juan F. Cancio.  (Docket No. 98, ¶ 11; Docket No. 98-2, ¶¶ 3-7; Docket No. 98-4; Docket No. 103, § II, ¶¶ 3-7 and § III, ¶ 4.)  Defendants allege that this notification was made on December 1, 2007.  (Docket No. 98, ¶ 11; Docket No. 98-2, ¶¶ 3-7; Docket No. 98-4.)  This contention seems to be based on the fact that the copies of the requests for extension of time submitted as exhibits to SIMED's motion for summary judgment are dated "12-01-07."  (See Docket No. 98-4.)  Underneath the space provided to enter the date, however, the pertinent documents indicate that the date had to be entered in the following format: "Day/Month/Year." Id.  Thus, contrary to defendants' allegations, the "12-01-2007" date that appears in the requests for extension of time means that said documents were notified to plaintiffs on January 12, 2007, rather than December 1, 2007.   Therefore, plaintiffs were aware or should have been aware that SIMED was the insurance carrier of Drs. Tulio L. Ortiz, Ramón Pérez, Floren E. Pérez, Germán López and Juan F. Cancio approximately since January 12, 2007.

On April 24, 2007, plaintiffs filed the second amended complaint in which ABC Insurance Co. was substituted by SIMED, as insurance carrier of Drs. Tulio L. Ortiz,  Ramón Pérez, Floren E. Pérez, Germán López and Juan F. Cancio.  (Docket No. 52.)[3]   Thus, pursuant to Rule 15(B), (C), the second

---

[3] SIMED's  allegation that the second amended complaint was filed on April 4, 2008 (see Docket Nos. 98 and 98-2, ¶ 10), is not consistent with a cursory review of the record.  (See Docket No. 52.)

Meléndez Rosario, et al., v. P.R. Ob-Gyn Group, et al.,
Civil No. 06-1929 (ADC/MEL)
Report and Recommendation

amended complaint relates back to the filing of the original complaint on September 19, 2006. Furthermore, since the filing of the original complaint tolled the statute of limitations with respect to the claims asserted against all defendants named in the complaint, it follows that said filing tolled plaintiffs' claims against SIMED.

**V.    CONCLUSION.**

It is therefore recommended that SIMED's request for summary judgment on statute of limitations grounds be DENIED.[4]

IT IS SO RECOMMENDED.

The parties have ten (10) business days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986).

San Juan, Puerto Rico, this 30th day of September, 2008.

s/Marcos E. López
U.S. MAGISTRATE JUDGE

---

[4] Local Rule 10(b) requires that all documents written in a language other than English that are presented to the court be accompanied by certified English translations. SIMED requested leave to submit the exhibits attached to its motion for summary judgment in the Spanish language. (Docket Nos. 98-4, 99.) On August 19, 2008, the court granted leave and ordered the filing of translations by September 30, 2008. (Docket No. 108.) In doing so, however, the court noted that SIMED "has had since 5/08 to have translations done." Id. As of today, translations have not been filed. SIMED's failure to comply with Local Rule 10(b) and with the court's order constitutes alternative grounds to deny the motion for summary judgment. See Aguiar-Carrasquillo v. Agosto-Alicea, 445 F.3d 19, 24 (1st Cir. 2006) ("In the past, we have refused to consider materials submitted to the court in any language other than English, and we continue to do so.") Even if we were to consider those documents, however, SIMED's motion for summary judgment should be denied for the reasons stated in this report and recommendation.